USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/13/09

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------- X

INGENTIS S.A.,

          Plaintiff,

    - against -

GENERAL ELECTRIC
INTERNATIONAL, INC. and GE
PACKAGED POWER, INC.,

          Defendants.

---------------------------------------------------- X

**TEMPORARY**
**RESTRAINING**
**ORDER**

**09 Civ. 7565 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

      WHEREAS this matter came before the Court upon the application of

Ingentis S.A. ("Ingentis") for a temporary restraining order ("TRO") pursuant to

Federal Rule of Civil Procedure 65 enjoining and restraining General Electric

International, Inc. and GE Packaged Power, Inc. (together, "GE") from (1)

declaring Ingentis in default and terminating the Contract for the Sale of Power

Generation Equipment and Related Optional Services, dated October 12, 2007,

between GE and Ingentis (the "Contract") based upon Ingentis's non-payment of

sums due to GE after Ingentis demanded adequate assurance of due performance

from GE; (2) for an order directing that GE comply with the dispute resolution

1

procedures, including arbitration, that are required by the Contract; and (3) for an order preventing GE from charging, or attempting to charge, Ingentis additional amounts during the pendency of the dispute.

WHEREAS this Court has reviewed the Complaint in this action, papers filed by both parties in support and opposition, respectively, to Ingentis's motion for a TRO, the affidavit of James F. Butler, III, counsel for plaintiff, and the affidavit of Ted J. Morris, manager at General Electric Company, the parent company of defendants, and having heard from counsel for both parties;

WHEREAS, based on the existing record, the Court finds that, in the interest of preserving the status quo and maintaining the parties' positions prior to their disagreement, Ingentis has demonstrated a need for a TRO, pending the hearing of Ingentis' application for a preliminary injunction, based on a preliminary showing that it would suffer irreparable harm if the Contract is terminated prior to the completion of the arbitration proceedings and a likelihood of success on the merits of its claim that a termination of the Contract would result in its inability to pursue its claims in arbitration and sufficiently serious questions going to the merits of its right to proceed in arbitration to make them a fair ground for litigation and a balance of hardships tipping decidedly in Ingentis's favor;

WHEREAS based on the existing record, the Court finds that a

2

dispute exists between the parties, the Contract includes an arbitration provision that encompasses this dispute, GE has notified Ingentis that it intends to terminate the Contract prior to the completion of the arbitration process set forth in the Contract, and Ingentis has not waived the right to arbitrate;

IT IS HEREBY ORDERED that, sufficient reason having been shown therefore, pending the hearing of Ingentis's application for a preliminary injunction and until further order of this Court, GE and their affiliates, agents, servants, employees, and any parties acting on their behalf are temporarily restrained and enjoined from:

(1) declaring Ingentis in default and terminating the Contract based upon Ingentis's non-payment of sums due to GE;

(2) moving the Equipment from its current storage location or modifying the Equipment, other than for maintenance service as set forth in the Contract, unless prior written consent is received from Ingentis.

IT IS FURTHER ORDERED that the temporary restraints set forth in paragraphs (1) and (2) above shall take effect only upon payment by Ingentis of:

(3) the sum of $8,666,770.00, representing the balance of the Contract's purchase price;

(4) the sum of $1,880,000.00, representing reimbursement for

3

Equipment storage and maintenance costs incurred by GE, provided that GE submits to Ingentis reasonable invoices for such storage and maintenance costs incurred by GE.

IT IS FURTHER ORDERED that Ingentis must also pay

(5) any reasonable sums for continued Equipment storage and maintenance costs incurred by GE. Such payments must be made by Ingentis within seven days of Ingentis's receipt from GE of reasonable invoices for such storage and maintenance costs.

All of the payments set forth in paragraphs (3), (4), and (5) must be made into an escrow account approved by both parties, or, absent consent, into the Court's registry. These sums shall be released following a final decision of the award in the arbitration proceedings.

IT IS FURTHER ORDERED that

(6) GE shall commit to make available to Ingentis the sixty-three million dollars ($63,000,000.00) in its possession if repayment of all or part of that amount is ordered by the arbitral panel.

IT IS FURTHER ORDERED that

(7) all parties shall submit to arbitration in a manner provided for in the Contract.

4

Finally, this Order directing Ingentis to pay the balance of the Contract's purchase price into escrow in no way resolves whether Ingentis has cured the alleged breach of Contract resulting from its non-payment of final payments due in June and July 2009, nor does it constitute any finding as to if, and when, either party breached the Contract. These questions are expressly reserved for the arbitral forum.

A preliminary hearing, if necessary, is scheduled for November 3, 2009, at 10:00 a.m.

The Clerk of the Court is directed to close this motion (Docket No. 13).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:     New York, New York
           October 13, 2009

5

## - Appearances -

**For Plaintiff:**

James F. Butler, III, Esq.
Smith, Currie & Hancock, LLP
2700 Marquis One Tower
245 Peachtree Center Avenue NE
Atlanta, Georgia 30303-1227
(404) 521-3800

**For Defendants:**

David R. Fertig, Esq.
Diana M. Eng, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8129